FRANKLIN LESTER, Respondent, *vs.* KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

1. *Railroads—Escape of cinders.*—In suit against a railroad for damages alleged to have been caused by sparks escaping from a locomotive, it is error—after evidence, by a defendant, of a proper equipment and careful management of the engine causing the fire—to permit proof, in rebuttal, of other fires produced by sparks escaping from defendant's engine. The sufficiency of the equipment and management of the engine occasioning the fire, is the only matter then in issue. (Coale vs. Hann. & St. Jo. R. R. Co., *ante* p. 227.)

2. *Damages—Railroads—Escape of fire from locomotive—Variance—Amendment.*—Where the petition charges a railroad company with carelessly permitting fire to escape from its locomotive, proof that fire was thrown out, would amount only to a variance, which, at most, would require an amendment of plaintiff's petition. (Wagn. Stat. 1033, § 1.)

3. *Practice, civil—Instructions—Misleading—Refusal of.*—Instructions not based on testimony and calculated to mislead the jury, should be refused.

### *Appeal from Holt Circuit Court.*

*Stringfellow & Hall*, for Appellant.

*Zook & Van Buskirk*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action for damages occasioned by the destruction of certain property of the plaintiff by fire, which it was alleged the defendant, negligently and carelessly, permitted to escape from its engines, whilst engaged in running and operating its railroad in Holt county.

It appears from the testimony, that about the 9th day of October, 1873, soon after a freight train of the defendant passed the premises of the plaintiff, a fire broke out in the dry grass, on open and uncultivated prairie lands, adjacent to defendant's track, which fire was communicated, by high winds, to the premises of the plaintiff, and destroyed a considerable quantity of hay and oats, and other articles of a different character.

The plaintiff traced the fire to the place where it began, about an hour and twenty minutes after its occurrence, and there found, as he testified, a partly consumed lump of coal, about the size of his fist, which "had melted and run together in a mass," and which he picked up and found to be still so hot, that he could not hold it.

No witness testified positively as to the origin of the fire, or as to where the burning coal came from.

The testimony of the defendant tended to show that it had, on the engine drawing the train which passed immediately before the fire and was supposed to have occasioned the burning, the best smoke-stack in use, which was furnished with the most approved spark arresters; that the flues in the smoke-stack were not more than two inches in diameter; that the spark arrester was in good condition and its interstices were not of greater diameter than from three-sixteenths to one-quarter of an inch; that the fire box had a grate beneath it, with openings one-quarter of an inch only in diameter, and was so constructed that no cinders could escape from it to the track; that no burning coal, or cinder was taken by any one from the fire box of said engine, while passing the place where the fire originated, and that the engineer, in charge of the engine, was a competent and careful man.

The court permitted the plaintiff to prove, in rebuttal, that other fires had been occasioned, in that neighborhood, about that time, by sparks, emitted from passing engines belonging to the defendant; to the admission of which evidence, the defendant objected, and excepted, on the ground that it was incompetent, irrelevant, inapplicable to the issues made by the pleadings, and calculated to prejudice the jury against the defendant; and for the further reason, that it put in issue the equipment and management of all defendant's engines, in the month of October, 1873.

The court, of its own motion, gave three instructions, the first of which, in substance, directed the jury: That if they believed from the evidence that the fire which caused the damage, escaped or was thrown from defendant's engine, through the carelessness and negligence of defendant's servants, or the insufficient or defective character of the machinery used, and occasioned the injury complained of, they should find for the plaintiff.

The second instruction was to the effect, that it devolved upon the plaintiff to show, by a preponderance of testimony,

that the fire which burned plaintiff's property, escaped, *or was thrown*, from defendant's engine, through the negligence of defendant's servants, or by reason of the inadequacy of the apparatus employed to prevent the escape of fire, when controlled by careful and competent servants.

The third told the jury, that if they found that plaintiff's property was burned by fire, which escaped, *or was thrown*, from defendant's engine, they were at liberty, if in their opinion the facts warranted such inference, to infer that the fire resulted from the negligence or carelessness of the defendant or its servants.

The defendant asked eight instructions, three of which were given, the fourth and fifth were modified by the court, and the sixth, seventh and eighth were refused. There was a verdict and judgment for the plaintiff, and defendant has appealed to this court.

The court erred in permitting the plaintiff to introduce testimony as to the occurrence of other fires, occasioned by sparks escaping from defendant's engines. This very point was passed upon in the case of Coale *et al.* vs. The Hannibal & St. Joseph R. R., decided at the present term.

It appeared in that case, that the fire occurred on October 26th, 1872, and was supposed to have been occasioned by sparks which escaped from engine No. 6. A witness for the defendant had testified, that the engine from which the fire had escaped, was supplied with the most approved spark arrester and manned by competent and careful servants. On cross-examination, the plaintiffs elicited the fact, that all other engines of the defendant were provided with similar contrivances, to prevent the escape of fire, and then introduced evidence of other fires which occurred along the line of defendant's road about the same time, and which were caused by the escape of fire from defendant's engines.

On this point Judge Vories, who delivered the opinion of the court, says: "This evidence, it seems to me, was collateral to the issues in the case. To prove that some one of defendant's engines was insufficient, or that the hands on some

of said engines had so carelessly conducted the same, as to permit the escape of fire, is not competent evidence to prove that the persons conducting engine No. 6, on the 20th of October, 1872, were negligent, or that said engine was insufficient; and said evidence could not be made competent by the attempt thereby to rebut evidence which was wholly immaterial, and which had been elicited by the plaintiffs. The evidence was collateral and ought to have been excluded by the court."

It is objected to the first and second instructions given by the court, that they were not warranted by the pleadings; that the issue raised by the pleadings was, whether the defendant had carelessly and negligently permitted fire to escape from its engines, and not whether fire had been thrown from its engine by its servants.

There was really no testimony that the burning cinder, which caused the fire, was thrown by defendant's servants, from the passing engine.

The testimony of defendant's witnesses tends to show that it was impossible for the cinder, on account of its size, to have escaped through the grating under the fire box, or through the flues, or netting in the smoke stack, and the testimony that it was *not* taken from the fire-box by the defendant's servants, was the only testimony on this subject, and this, as appears from the record, was brought out by the defendant itself.

If testimony had been offered on that point, by the plaintiff, tending to show that it was thrown out by the defendant's servants, it would only have amounted to a variance, which if deemed material by the defendant, would, upon a proper showing, have authorized the court to require the plaintiff to amend his petition, and the defendant would then have been permitted to make its defense thereto. (2 Wagn. Stat., 1033, § 1.) But as there was no evidence tending to show that the servants of defendant threw from the engine the burning cinder which caused the fire, the instructions, given by the court, should not have submitted that question to the jury. To do

so, was to mislead the jury into the belief that there was evidence on which they might find that fact and base their verdict upon it.

The third instruction, given by the court, was further objectionable in that it excluded from the consideration of the jury the testimony, introduced by the defendant, to rebut the inference of negligence, arising from the escape of the fire.

It is unnecessary to comment on defendant's fourth and fifth instructions. They were properly refused, as asked, and were correctly qualified by the court.

The sixth, seventh and eighth instructions, asked by defendant, related to alleged negligence, on the part of the plaintiff, in failing to remove the dry grass between his premises and the defendant's track; but as they did not conform to the rule on that subject laid down in Fitch vs. The Pacific Railroad, (45 Mo., 322,) they were properly refused.

The judgment will be reversed and the cause remanded; all the judges concur.