MARY E. WHITE ET AL., Respondents, v. C. M. A. CHANEY ET AL., Appellants.

Kansas City Court of Appeals, January 25, 1886.

1. HUSBAND AND WIFE—COMPETENCY OF HUSBAND AS WITNESS.—At common law, in an action by husband and wife, where *he* claims no interest in the subject-matter of litigation, and the wife is the real party in interest ; and the recovery sought is to enure to her sole benefit, *he* could not testify under such circumstances. The only innovation, in this respect, upon the common law rule, is found in section 4014, of the Revised Statutes, as follows : * * * "No married man shall be disqualified as a witness in any civil suit * * * prosecuted in the name, or against his wife, whether he be joined with her, or not, as a party, when such suit * * * is based upon, grows out of, or is connected with, any matter of business, * * * where the business was had with, or was conducted by, such married man, as the agent of his wife." *Held*, that the obvious purpose of the legislature was to place the husband and wife upon an equality in the competency to testify, where the matter in suit grows out of business conducted by him as agent of his wife ; that it does not make the husband an unqualified witness for the wife whenever any question arises as to her owner-ship of property, where he chances to be her agent in managing it.

2. ——— WHAT LAW GOVERNS AS TO PROPERTY—PRESUMPTIONS IN COMMON LAW CASES :—AS TO STATUTES.—In all states which were, prior to becoming members of the federal union, subject to the com-mon law of England, the presumption of law is, that the common law prevails there. On common law questions, the presumption is, that the common law of another state is the same as that of our own state. In respect of *statutes,* it is a question of fact as to what is the statute law of a foreign state, to be proved by the party seeking protection under it, as any other fact in the case ; in the absence of such proof the court will presume that the common law was in force, and that property vested in accordance with its rules. It is only in respect of those states which were *never subject to the common law,* that, in the,absence of proof as to the *lex loci contractus,* the court will apply the statute laws of the *forum.*

3. PRACTICE—PLEADING—EVIDENCE.—No proof can be admitted of a
   fact, not within the allegations of the petition ; and no issue should
   be submitted to the finding of the jury, about which there is no
   proof.

APPEAL from Pettis Circuit Court, HON. JOHN P.
STROTHER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action in trespass, for the wrongful taking
of goods alleged to be the property of the plaintiff,
Mary E. White, whose husband, Everett White, is joined
as co-plaintiff, as a formal party.   The facts as disclosed
at the trial are substantially as follows :   The plaintiffs
were married in the state of Kentucky in 1874, and con-
tinued to live there until 1882, when they came to Se-
dalia, Mo.   During the coverture, and while living in
Kentucky, the wife inherited considerable money from
her father's estate, and some land from her mother's es-
tate.   This land was sold, and the notes for the purchase
money were taken in the name of Mary E. White.   The
money arising from these notes, or a part of them, to-
gether with other money so coming as aforesaid to said
Mary, was turned over to the husband in Kentucky, with
a part of which he bought exchange in his name.   On
arriving at Sedalia he placed this money and exchange
to his credit in bank there, and drew the same out on
his checks, and bought the goods in question, and em-
barked in mercantile business in Sedalia in the name of
M. E. White.   Mrs. White testified that she so placed
the money in her husband's hands, to be so invested for
her use and benefit, as her agent.   The husband, over the
objection of defendants, was permitted to testify as a
witness.   He stated the facts as to how his wife inher-
ited this property, and how he received it, and that he
so invested it for her use as her agent, and that he was
conducting said mercantile business as the agent of his
wife.

The defendant, Chaney, as a creditor of said Everett White, sued out an attachment against him, under which the sheriff seized said goods as the property of said Everett. Thereupon, this action was instituted against said Chaney, the sureties on his attachment bond, and the sheriff.

The answer tendered the general issue. Trial before a jury; verdict and judgment for plaintiff, Mary White, for the sum of $1695.00. Defendants have appealed.

JNO. A. LACY and G. W. BARNETT, for the appellants.

I. The petition does not state facts sufficient to constitute a cause of action. A married woman's separate property can only be protected by a suit in equity. *Holthaus v. Hornbostle*, 60 Mo. 439 ; *Withers v. Shropshire*, 15 Mo. 631 ; Rev. Stat., sect. 3296.

II. The husband of plaintiff was not competent to testify as a witness for his wife, because the suit is not based upon, does not grow out of, neither is it connected with any matter of business where the transaction was had with, or conducted by, said witness, as the agent of his wife. Rev. Stat., sect. 4014; *Joyce v. Bronson*, 73 Mo. 28 ; *Manufacturing Co. v. Tinsley*, 75 Mo. 458; *Williams v. Williams*, 67 Mo. 661 ; *Haerle v. Kreihn*, 65 Mo. 202.

III. The court erred in refusing instruction in nature of a demurrer to the evidence offered by defendants at close of plaintiff's evidence; and erred in refusing second and third instructions asked by defendant, as plaintiffs offered no evidence as to the laws of Kentucky, where the property was acquired, and the presumption is that the common law was in force there, under which the property in question would belong to the husband, and not to the wife. *Meyer v. McCabe*, 73 Mo. 236 ; *Kidwell v. Kirkpatrick*, 70 Mo. 215; *Woodford v. Stephens et al.*, 51 Mo. 440. The evidence showed that the husband converted the property to his own use in Kentucky, with the consent of his wife.

IV. There was nothing in the petition, or evidence, to justify the fourth instruction given for plaintiffs.

W. W. Snoddy and A. C. Scott, for the respondents.

I.    A married woman's remedy for tort to her property, is at law, and not in equity. *Pauley v. Vogel*, 42 Mo. 291 ; *Lang v. Cockrell*, 55 Mo. 93.

II.    The husband was a competent witness, as the agent of his wife, and the suit was based upon, and grew out of business conducted by him as the agent of his wife. Rev. Stat., sect. 4014 ; *Haerle v. Kreihn*, 65 Mo. 202 ; *Quade v. Fisher*, 63 Mo. 325.

III.    In the absence of evidence as to the laws of Kentucky, the presumption of law was that the law of Kentucky were the same as the laws of Missouri on the same subject, and not the common law of England. *Legg v. Legg*, 8 Mass. 99. In the absence of proof to the contrary, the *statute* law of a sister state will be presumed to be the same as our own. *Selking v. Hebel*, 1 Mo. App. 340 ; *Warren v. Lusk*, 16 Mo. 102 ; *Meyer v. McCabe*, 73 Mo. 236.

IV.    Under all the evidence the property was the separate property of the wife, even under the common law. The money arose from the sale of the wife's real estate, and never came to the hands of the husband, except as agent. The draft from the Bank of Kentucky was a *chose in action*, and was converted into money in Missouri. 1 Burrill's Law Dict. 288 ; *Tillman v. Tillman*, 50 Mo. 40.

V.    In action of trespass *qu-cl*, damages naturally arise from the trespass itself, and depriving the owner of use of premises. Field on Damages, sect. 7815.

VI.    A general denial, in trespass, admits the title, but denies the trespass ; a denial of title in the trespass must be a special plea. Addison on Torts, sect. 424 ; *Ruggles v. Lesure*, 24 Pick. (Mass.) 187.

VII.    The verdict of the jury was not excessive.

Philips, P. J.—Counsel have discussed on this appeal various questions ; but we shall consider such of

them only as, in our opinion, are material and important.

I. Was the husband a competent witness in this action? He was joined merely as a formal party under the statute. He claims no interest in the subject-matter of litigation. The wife is the real party in interest, and the recovery sought was to enure to her sole benefit. That, at common law, the husband could not testify under such circumstances, is not controverted. If competent, it must be by reason of some enabling legislative act. The only innovation, in this respect, upon the common law rule, is found in section 4014, Revised Statutes of 1879, which is as follows: "* * * no married man shall be disqualified as a witness in any such civil suit or proceeding prosecuted in the name of, or against his wife, whether he be joined with her or not as a party, when such suit, or proceeding, is based upon, grows out of, or is connected with, any matter of business, or business transaction, where the transaction, or business, was had with, or was conducted by, such married man, as the agent of his wife."

There does not appear to have been any ruling by the supreme court directly on this clause of said section of the statute, presumably because of the fact that the enactment, is of comparatively recent date. But that portion of the section, immediately preceding, enlarging the qualification of married women as witnesses, has frequently been before the supreme court. The two qualifying clauses are so similar in their provisions as to make the ruling on the one quite applicable to the other. It is among the recognized canons for the interpretation of statutes that "the occasion and necessity of the law, the mischief felt, and the object and remedy in view, are to be considered." *In the Matter of Bomino's Estate*, 83 Mo. 441.

Under the clause qualifying the wife to testify in behalf of the husband, it is held that "her competency depends solely upon the fact that the matter about which she is called to testify was conducted by her as

agent." She cannot testify except where the matter in suit grows out of some business transaction conducted by her as agent for her husband. *Wheeler, etc., v. Tinsley,* 75 Mo. 459.

After the enlargement to this extent of the privilege of the wife as a witness, it became a recognized and felt injustice and inequality not to place the husband on the same footing, where the wife's interests were involved in a matter conducted by him as her agent. So, in the revision, the legislature added the clause respecting the qualification of the husband. The obvious purpose was to place them upon an equality in the given particular. If anything, the legislature was more guarded in the language employed touching the husband's qualification. It was supposed by the legislature, that in view of the fact that the wife and husband, when acting for each other in transacting and conducting business for the other, from their immediate connection therewith, would acquire and possess a special information essential to the protection of the rights of the principal, and, therefore, they should be permitted to speak as to such fact, when involved as the basis of the controversy, as if they were the parties in interest.

But it must never be forgotten, in the application of this statute, that it is not an unlimited qualification. The suit itself must be based upon, grow out of, or be connected with, the particular business transaction had with or conducted by the husband, as agent of the wife. For instance, had he made any contract touching the purchase of the goods, or the sale of them, as the agent of his wife, and a suit had come of this transaction, he would be a competent witness to testify concerning the contract, or transaction. Had he rented the storehouse in which this business was conducted, and a suit had grown out of the transaction, he would be a competent witness for the wife. So as to any other contract, or business transaction, made and conducted by him as her agent. This, we think, is the obvious purport and reasonable limit of the statute. *Hoerle v. Kreihn,* 65 Mo. 202.

This is a naked action in trespass against defendants for tortiously taking the goods of the wife. What had the imputed agency of the husband to do with the subject-matter of the suit? It is not based on any transaction, or act of his, as agent. The only questions involved in the controversy are as to the ownership of the goods, and the wrongful taking, and their value. Whereas, this witness was admitted to testify about how his wife obtained the money with which the goods were bought, how he held possession, and their value. These were matters about which he could as well testify had he never been agent, so far as obtaining his information by reason of his agency is concerned. It did not grow out of his agency, nor was it connected therewith in the sense of the statute.

To give the statute such enlarged construction is to sweep away, practically, the limitations placed upon the qualification by the statute, and to make the husband an unqualified witness for the wife whenever any question arises as to her ownership of property, where he chances to be her agent in managing it, no matter if the controversy does not involve any business transaction conducted by him as such agent.

The wrong committed in this case was against the property of the wife, and was wholly independent of his agency. I must, therefore, hold that the husband was an incompetent witness in this suit, and the court erred in so admitting him.

II. The evidence in this case shows that the wife came by the money, with which the goods in question were purchased, by inheritance, in the state of Kentucky, and while she was domiciled there with her husband. The question is raised in this controversy, as to the law by which the relation of the husband to this property is to be governed. Unquestionably the law of the state of Kentucky. What was the law of that state at the time the property was acquired? No proof was offered by the plaintiff on this issue. The court at the trial assumed, in the absence of such proof, that the statute law of

Kentucky touching such property, was the same as that of the forum. Kentucky, being ceded by the state of Virginia, prior to becoming a member of the federal union, was subject to the common law of England. In all such states the presumption of law is that the common law prevails there. *Flato v. Mulhall*, 72 Mo. 525.

On common law questions the presumption is, that the common law of another state is the same as that of our own state. *Wilson v. Cockrell*, 8 Mo. 9 ; *Houghtailing v. Ball*, 19 Mo. 86.

In respect of statutes, it is a question of fact as to what is the statute law of a foreign state, to be proved by the party seeking protection under it, as any other fact in the case. *Charlotte v. Chouteau*, 25 Mo. 465 ; *Meyer v. McCabe*, 73 Mo. 241. In the absence of such proof the court will presume that the common law was in force in the state of Kentucky, and that the property vested in accordance with its rules. *Meyers v. McCabe, supra.*

It is only in respect of those states which were never subject to the common law that, in the absence of proof as to the *lex loci contractus*, the court will apply the statute laws of the forum. *Flato v. Mulhall, supra ; Sloan v. Torrey*, 78 Mo. 625.

There can be no admissible question, under the proof disclosed by this record, but that the property inherited by the wife in Kentucky, under the common law, became *the* property of the husband, and was subject to his debts. Schouler Domes. Rel., sects. 80, 82, 89 ; *Woodford v. Stephens*, 51 Mo. 443 ; *Kidwell v. Kirkpatrick*, 70 Mo. 216 ; *Sloan v. Torrey, supra.*

The bringing of this money to Missouri, and investing it in the goods in question in the name of the wife, did not have the effect to convert it into the separate estate of the wife, as against the husband's creditors. *Meyers v. McCabe, Woodford v. Stephens*, and *Sloan v. Torrey, supra.*

The court, therefore, erred in not sustaining defendant's demurrer to the plaintiffs' evidence, and in refusing

the instruction asked by defendants declaratory of the law as above indicated.

III. In one of the instructions given on behalf of the plaintiffs, the jury were authorized to assess, as an item of damages, the rental value of the storehouse in which the goods were at the time of the seizure, and which was retained by the sheriff for storage. There was no such issue tendered by the petition, and if there had been there was not one word of evidence as to the rental value of the store. This was manifest error. No proof can be admitted of a fact not within the allegations of the petition, and no issue should be submitted to the finding of the jury, about which there is no proof. *Benson v. Railroad Co.*, 78 Mo. 504; *Lester v. Railroad Co.*, 60 Mo. 268-9.

It follows that the judgment of the circuit court should be reversed, and the cause remanded. It is accordingly so ordered. Ellison, J., concurs; Hall, J., concurs in the result.