BESSIE M. COTTRELL, Respondent v. ADOLPH SPIESS, Appellant.

Kansas City Court of Appeals, June 28, 1886.

1. MARRIED WOMEN—ACQUISITION OF PERSONAL PROPERTY BY—RULE OF THE COMMON LAW.—At common law, the acquisition of personal property, *without more,* enures to the benefit of the husband, but this is where the property came to her by gift, bequest or inheritance, or the like, from *other source than the husband;* and where the husband had done no act of *renunciation* of his marital rights in favor of *her* sole dominion over the property. But, even at common law, the husband may make a gift of personal property to the wife ; and the purpose of the husband to create in her a separate ownership may be inferred from her long and uninterrupted control over it, with the acquiescence of the husband.

2. ——— ESTOPPEL IN PAIS—COURSE OF CONDUCT—CASE ADJUDGED. Where a party by his course of dealing, or particular conduct, though not actually designed to entrap or defraud another, but which induces another to believe, as in this case, that the husband is the owner of the property, upon which he obtains credit, *she* will be estopped from asserting the contrary when the creditor demands that the property shall answer for his debt. And in respect of such separate property, about which she may make contracts as

a *feme sole*, and to which she may pass the title by·parol and de-, livery, she has capacity to create an·estoppel against her *in pais*, as one *sui juris*. *Rannels v. Gerner*, 80 Mo. 483.

3. ——— Evidence — Competency of Declarations Respecting· Property—Case Adjudged.—The general rule is that a party cannot make evidence for himself. But it would be competent,. in a controversy like this, as bearing on the question of the wife's· assertion of ownership and the acquiescence of the husband therein, to show the acts and conduct of each respecting the property, its custody and management, *prior to the time of creation of an adverse claim*. But, in a case like this,. no such acts or declarations of the wife, as occurred *subsequent* to the giving of credit to· the husband on the faith of *his* ownership of the property, is competent, unless it be to show that she has acquired the title to the:. property from some other source, antagonistic to the husband.

4. ——— Practice—Instructions.—Where an instruction submits an· issue not warranted by the evidence, a verdict based ·on such· ground should be set aside, and where the trial court should award. a *venire de novo*, it ought not to let such issue go to the jury.

Appeal from Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

R. M. Robertson and Samuel P. Sparks, for the· appellant.

I. ·In the absence of proof of the statutes of Nebraska, where the common law was in force, courts will presume the existence of the common law in that state, and that it is the same as that of our own. *White v. Chaney*, 20 Mo. App. 389 ; *Flats v. Mulhall*, 72 Mo. 522 ; *Goldsoll v. Chat. Bank*, 80 Mo. 631 ; *Charlotte v.. Chouteau*, 16 Mo. 102. By the common law of this, state the acquisitions of the wife inured to the benefit of the husband, by becoming his property *jure marite*, and, of course, liable for his debts. No evidence having been offered to show that the statute law of Nebraska had superseded the common law, the court erred in giving

plaintiff's instructions on that point, and refusing those of defendant.

II. The husband may create a separate estate in the wife, *as to personalty*, by acts, conduct and words, but they must be unequivocal and the proof clear and satisfactory; but not, as in this case, when the property has been mingled with the husband's and he has acquired credit upon the faith of ownership of it. *McCoy v. Hyatt*, 80 Mo. 130.

III. The doctrine that a married woman may estop herself, by her actions and conduct, as to her separate estate, is well established. *Rannells v. Gerner*, 80 Mo. 474; Bigelow on Estoppel, 443. The plaintiff, in this case, stood by and witnessed in silence her husband purchase an interest in the hotel property, and conduct the business in his own name, obtain credit upon the faith of such ownership, with property, which she *now* asserts, was at the very time her separate property. This she ought not to be permitted to do to the prejudice of creditors. *McCoy v. Hyatt, supra; Connolly v. Branstler*, 3 Bush (Ky.) 702.

IV. In the absence of fraud, malice, gross negligence or oppression, the principle of compensation governs the admeasurement of damages, and the court erred in allowing the jury to award exemplary damages. *Engle v. Jones*, 51 Mo. 316; *Seibel v. Simon*, 72 Mo. 526; 1 Suth. Dam. 173; 3 *Ibid*, 367.

V. Declarations of plaintiff, respecting her claim to the property, were clearly inadmissible in any theory of the case, and the court erred in admitting it, and its action was duly excepted to.

S. T. WHITE, for the respondent.

I. A husband may make a valid gift to his wife. The gift to plaintiff by her husband in 1879 was good against his creditors, as to debts contracted after the gift. *McCoy v. Hyatt*, 80 Mo. 130; *State to use, etc., v. Smit*, 20 Mo. App. 50; *Bowen v. McKean*, 82 Mo. 594;

*State ex rel. Goldsoll v. Bank,* 80 Mo. 626 ; *Kidwell v. Kirkpatrick,* 70 Mo. 214; *Baugert v. Baugert,* 13 Mo. App. 144 ; *Bettes v. Magoon,* 85 Mo. 500.

II.   Even if the law of Nebraska is presumed to be that the personal property of the wife belongs to the husband, yet, after the property is removed to this state, the husband may donate the same to his wife, and it will become a valid gift under the laws of 1875 *in the absence* of any fraud upon *existing creditors.* And the actions and conduct of the husband and wife in reference to the property, and their mode of treatment of the same, are facts from which the jury may infer the existence of the gift.  *Cases cited above.*

III.   The action of Spiess in taking a mortgage of plaintiff on the property seized, and receiving from her money that was furnished by her father as a gift to her, and from the sale of her lease, in payment of the mortgage debt, estop *him* from asserting that *she* was not the true owner.

PHILIPS, P. J.—This action grew out of the seizure of personal property under a writ of attachment sued out by defendant against D. H. Cottrell.  Plaintiff, who is the wife of said D. H. Cottrell, claimed the goods as her separate property, and sues the defendant in conversion, coupled with the allegation that the defendant was actuated by malice and was guilty of oppression in the matter.  The plaintiff recovered judgment, from which defendant prosecutes this appeal.

I.   The property in question was employed in a hotel, as furniture, kept in Warrensburg, Johnson county.  Plaintiff testified that this property was bought by her with the proceeds of money given her by her husband, and of certain notes, the consideration of which was the purchase money of land sold by her husband, which land belonged to him, but the notes were executed to her, and given her by her husband.

This occurred in the state of Nebraska prior to their removal to Missouri, perhaps in 1879.

Appellant contends, and asked the trial court to so declare the law, that as there was no proof adduced as to what the statute law of the state of Nebraska was, we must assume that the common law was in force there at the time of the alleged gifts. This may be conceded. *White v. Chaney*, 20 Mo. App. 389. But does it follow, as contended by appellant, that the property so given was not her separate estate, at common law, and became subject to the husband's debts on its transfer to this state ?

A reference to the authorities, such as *Meyers v. McCabe*, 73 Mo. 236, and *White v. Chaney, supra*, where it was held that the acquisition of personal property by the wife, without more, at common law, enures to the benefit of the husband, will show that they were instances where the property came to her by gift, bequest, or inheritance, or the like, from other source than the husband, and where the husband had done no act of renunciation of his marital rights in favor of her sole dominion over the property.

At common law the husband may make a gift of personal property to the wife. *Welch v. Welch*, 63 Mo. 59. The purpose of the husband to create in her a separate ownership may be inferred from her long and uninterrupted control over it with the acquiescence of the husband. *McCoy v. Hyatt*, 80 Mo. 135. The very fact that the husband, as testified to by the plaintiff, allowed her to take and keep certain money which was paid him in gold in the course of his business, and had the notes for the purchase money to the land, sold in Nebraska, executed to her, if delivered to her and kept by her, were acts indicative of a purpose to create in her a separate estate. And this he had a right to do, if done in good faith, as against subsequent creditors.

II. Among the instructions asked by the defendant and refused by the court are the following:

"The court instructs the jury that if they should find and believe, from the evidence in the case, that D. H. Cottrell, the husband of plaintiff, falsely assumed and held himself out towards defendant as the owner of the property of which the property in controversy was a part, and that plaintiff knew of her husband's action in this respect and acquiesced therein, and that defendant was thereby deceived and sold him goods and gave him credit therefor on the faith of such ownership, then plaintiff is estopped to deny that said D. H. Cottrell was the owner of such goods, and in such case your verdict should be for defendant."

"The court instructs the jury that if they should find and believe, from the evidence in the case, that the plaintiff, by her actions and conduct or representations, induced the defendant to believe that her husband, D. H. Cottrell, was the owner of the personal property of which the property in controversy was a part, and, upon the faith of such ownership, defendant's extended to him credit, or that said plaintiff knowingly permitted her husband to obtain credit on the faith of such ownership, then she cannot now assert any title or claim to said property which she may have had at such time to the prejudice of defendant, and your verdict should be for defendant."

It is true the court had given an instruction somewhat germain to the principle announced in those refused. But the one given presented the issue of positive fraud, active conduct on the part of plaintiff designed to defraud defendant by inducing him to give the credit. Whereas the refused instructions asserted another well recognized rule of the doctrine of estoppel *in pais:* that where a party, by his course of dealing, or particular conduct, though not actually designed to entrap or defraud another, but which induces another to believe, as in this case, that the husband is the owner of the property, upon which he obtains credit, she will be estopped from asserting the contrary when the creditor demands

that the property shall answer for his debt. The case of *Chouteau v. Goddin* (39 Mo. 250), is a striking illustration of the application of this wholesome doctrine. Wagner J., expressed the rule thus: "Where a party, by his acts or words, causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his previous condition, he will be concluded from averring anything to the contrary against the party so altering his condition."

The husband obtained this credit for supplies which went into the hotel where this furniture was employed; and a careful reading of the testimony in this record has persuaded us that there are such strong circumstances of an equitable estoppel in favor of this defendant as should entitle him to the most explicit submission of that issue to the jury.

In respect of such separate property, about which she may make contracts as a *feme sole* (*Dunifer v. Jecko*, Sup. Crt. Mo. 2 West Rep. 452–3), and to which she may pass the title by parol and delivery, I can perceive no reason why she may not be held to have capacity to create an estoppel against her, *in pais*, as one *sui juris*. Sherwood, J., in *Rannels v. Gerner* (80 Mo. 483), seemed to recognize her subjection to such an estoppel, for he says: "Estoppels *in pais* are not applicable to *femes covert*, except where regarded as *femes sole*, in consequence of possessing separate estates."

III. Objection was made by defendant in the progress of the trial to certain acts and statements of the plaintiff introduced in evidence by her in support of her claim of separate estate in this property. Without reciting this evidence, it is enough to say, that the general rule is that a party cannot make evidence for himself. It would be competent, in a controversy like this, as bearing on the question of the plaintiff's assertion of ownership and the acquiescence of the husband therein, to show the acts and conduct of each respecting the property, its custody and management prior to the

time of creation of an adverse claim. But certainly, in a case like this, no such acts or declarations of the plaintiff as occurred subsequent to the giving of the credit to the husband on the faith of his ownership of the property, is competent, unless it be to show that she has acquired the tittle to the property from some other source antagonistic to the husband. The very issue tendered by the defendant in this case is that this assertion of ownership by plaintiff has been "trumped up" since the creation of this claim against the husband, and was designed to defraud his creditors.

IV. The court gave an instruction authorizing the jury to award "smart money," provided they found that defendant was actuated in the attachment by malice. We do not think the evidence in this case warranted the submission of that issue to the jury. A verdict based on such ground, in view of all the surrounding facts and circumstances, ought to be set aside; and where the trial court should award a *venire de novo* it ought not to let such issue go to the jury.

The judgment of the circuit court is reversed and the cause remanded. All concur.