## J. A. FERRY, Respondent, v. W. J. SAWYER, Appellant.

### Springfield Court of Appeals, May 21, 1917.

1. **ANIMALS: Running at Large: Impounding.** An animal running at large may be impounded though it escapes through no negligence of the owner, and though he commenced pursuit therefor and continued it till the animal was taken by the impounder.

2. **EVIDENCE: Judicial Notice: Cities.** Relative to a city being authorized to pass an impounding ordinance, the court will take judicial notice of its population under the census, that it is the county seat, and of the statutes on the subject.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*A. Sloan Oliver, Sam J. Corbett, Roy G. Garrison* and *Pierre S. Phillips* for appellant.

Cities of the fourth class are given authority by statute to regulate or prohibit the running at large of stock, by ordinance, and to cause such as may be running at large to be impounded, to provide for the erection of all needful pounds, within or without the city limits, and appoint and compensate keepers thereof and establish and enforce rules governing the same. Section 9374, R. S. 1909; *Evans* v. *Holman*, 202 Mo. 295-296.

*J. E. Duncan* for respondent.

In the case of Spitler v. Young, 63 Mo. 45, Judge WAGONER, in speaking for the court, said: "As soon as plaintiff heard of the escape of his hogs and on the evening of the same day, he made pursuit of them, and on the next morning found them in possession of the defendant. Whilst physically they were found in the streets, or within the corporate limits, yet they were not there within the meaning and spirit as contemplated by the ordinance. It was intended to compel people to restrain their animals, but it was not designed to punish them for an unavoidable escape, where the owner used the requisite diligence to reclaim them."

FARRINGTON, J.—The escape of a Missouri mule is the basis of this new law suit. It was a black mare mule. The plaintiff, its owner, brought a suit in replevin to recover the mule which at the time the suit was insti-

tuted was in possession of the defendant. The jury returned a verdict for the plaintiff, allowing no damages for the detention, and defendant appeals.

The evidence offered by the plaintiff is that he had gone away from home leaving the mule in the barn and lot securely fastened, and that his wife was left in charge and care of the animal while he was away. Some raised a hue and cry that the mule had escaped from the lot. The wife who testified that she was left in charge of the mule, which would not constitute her an agent of the plaintiff so as to make her testimony competent (White v. Chaney, 20 Mo. App. 389, Gardner v. Railway Co., 124 Mo. App. 461, 101 S. W. 684), stated that she started out to catch it. This scene is laid in the city of Caruthersville. The mule started down an alley near the lot from which it had escaped and plaintiff's wife in hot pursuit. She was of a mind that when it got to the street it would turn one way, but the mule was of a different mind and turned another way. At any rate, within from five to ten minutes after it had escaped from the lot it fell into the hands of the defendant who was the city impounder. All the evidence goes to show that there was no negligence on the part of the plaintiff or his wife in connection with the mule's escape and that its escape was against their will and that the wife was endeavoring as best she could to catch it and take it back to the barn. The evidence shows that the mule was chased and caught by the impounder "in old lady Knott's garden." The plaintiff's wife came up to the impounder, who had placed a rope on the mule and was standing talking in the street to a merchant, and asked the impounder for the animal. He declined to surrender his charge unless she would pay the regular impounding fee of one dollar. This she refused to do— and there is some evidence that she went home mad. Thereafter plaintiff brought this suit, it being admitted that he had not paid or tendered the regular impounding fee fixed by ordinance to the defendant.

The court instructed the jury erroneously by directing that the verdict must be for the plaintiff unless the mule escaped from plaintiff's lot without negligence or

fault on his part or on the part of some member of his family, and that the plaintiff could recover if his wife commenced pursuit for the purpose of taking up the mule and continued the pursuit up to the time the animal was taken in hand by the defendant. This is clearly not the law in this State, as held in McVey v. Barker, 92 Mo. App. 498, which distinguishes this character of case from that of Spitler v. Young, 63 Mo. 42. A recent case on this subject, adopting the view of the McVey case, supra, is that of Evans v. Holman, 202 Mo. 284, 100 S. W. 624.

Respondent, however, contends that defendant failed to establish that he was authorized as impounder to take up this mule because he failed to show what class the city of Caruthersville is, and that the ordinance creating an impounder and defining his duties and powers shown to have been passed by the common council of Caruthersville, and defendant's appointment and the bond he gave to the city of Caruthersville as impounder, were nullities so far as this case is concerned unless there was proof that Caruthersville is a city of such class as could pass such an ordinance and create the office of impounder.

We must take judicial notice that Caruthersville in the census of 1910 had a population of 3655 inhabitants and that it is county seat of Pemiscot county. It was, therefore, under our statutes, of which we take judicial notice, a city of either the third or fourth class; and on turning to the statutes we find that section 9229, Revised Statutes 1909, relating to cities of the third class and section 9374, Revised Statutes 1909, relating to cities of the fourth class, give the board of aldermen power to pass ordinances regulating and prohibiting animals from running at large and creating and appointing impounders, etc. It therefore becomes immaterial whether Caruthersville be a city of the fourth class or one of the third class because in either event it had power to pass the ordinances which were introduced in evidence prohibiting and restraining animals from running at large and creating the office of impounder and defining his duties.

198 M. A.—3

This suit was originally brought in a justice court. No answer was filed by the defendant either in the justice court or in the circuit court when the case was appealed there. For the reason herein appearing the judgment will be reversed and the cause remanded. *Cox, P. J.,* and *Sturgis, J.,* concur.