MARTIN FLANNERY, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, April 7, 1891.**

1. **Railroads**: NEGLIGENCE: INTEREST. In an action for damages caused by the negligent emission of sparks from a locomotive, the plaintiff, if he recovers, is not entitled to interest on the damage sustained by him.

2. **Witnesses**: COMPETENCY OF WIFE. The right of a wife to testify for her husband on the score of agency must be confined to a suit which is based upon, grows out of, or is in some way connected with, the business conducted by her as agent. And *held* that the fact, that a wife purchased household furniture as agent for her husband, did not, under this rule, render her a competent witness for him to prove the value of the property in an action by him for damages for the destruction of the property through the negligence of a stranger.

3. **Instructions, Argumentative.** The refusal of an instruction is proper, when it is argumentative.

4. **Railroads**: NEGLIGENT DESTRUCTION OF PROPERTY : MEASURE OF DAMAGES. When property has been damaged through negligence of a railway company in the emission of sparks from a locomotive, the measure of the damages is the difference between its value before and after the injury.

*Appeal from the St. Louis City Circuit Court.*—Hon.
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *H. G. Herbel*, for appellant.

( 1 )   The court erred in admitting the testimony of
plaintiff's wife, over defendant's objection.   *Kennedy
v. Kennedy*, 57 Mo. 77 ; *Haerle v. Kreihn*, 65 Mo. 205 ;
*Mfg. Co. v. Tinsley*, 75 Mo. 459.   ( 2 )   The court erred
in refusing to give the instructions asked by defendant.
*Palmer v. Railroad*, 76 Mo. 222 ; *Kenney v. Railroad*,
70 Mo. 248.   ( 3 )   The court erred in giving the instruc-
tions it did, at plaintiff's instance.   *Wilburn v. Rail-
road*, 36 Mo. App. 215 ; *DeSteiger v. Railroad*, 73 Mo.
33 ; *Kenney v. Railroad*, 63 Mo. 101 ; *Atkinson v.
Railroad*, 63 Mo. 367 ; *Damhorst v. Railroad*, 32 Mo.
App. 350.   ( 4 )   The verdict was clearly excessive, and
the court erred in not sustaining defendant's motion for
a new trial on that ground.   *Sheedy v. Works*, 25 Mo.
App. 532 ; *Wilburn v. Railroad*, 36 Mo. App. 215.

*A. R. Taylor*, for respondent.

BIGGS, J.—The plaintiff claimed in his petition
that, on the seventh day of May, 1889, the building in
which he resided was destroyed by fire, negligently
communicated from one of defendant's locomotives ;
and that the plaintiff's household goods and wearing
apparel, of the alleged value of $252, were consumed.
The verdict of the jury was in plaintiff's favor in the
sum of $263.90, and the court rendered judgment for
that amount.   The defendant has appealed the case.

I. The court instructed that the plaintiff was entitled
to interest on the damage sustained.   This was error.
The plaintiff concedes this, and has remitted in this
court the sum of $15 to cover the interest allowed by

the jury.   This action of the plaintiff dispenses with the further consideration of the question.

II.   The defendant's first assignment has reference to the competency of the plaintiff's wife as a witness. The plaintiff first testified that his wife, as his agent, bought everything in the house.   Thereupon, the wife was offered as a witness, and the court permitted her, against the defendant's objection, to testify as follows : "I paid $25 for that carpet, I valued it at $20.   There was a sofa in the house, which cost $20 ; a blanket that cost $7 ; a pillow that cost $2.50 ; six knives and forks that cost $1.50 ; one set of walnut furniture that cost $90 ; another, $18 ; the walnut bedstead worth $30 at the time of the fire ; one sewing machine that I paid $55 for, and sold for $10 after the fire ; the wearing apparel for nine of us was worth $75.   Everything except the clothes on our backs was destroyed, the clothing of myself, husband and seven children ; the glass and glassware in the house was worth from $10 to $15 ; two mattresses, one moss and one cotton, worth $8 and $3, and a feather bolster, worth $3 ; there were also three chairs destroyed."

It is contended by the plaintiff's attorney that the wife was a competent witness to prove the cost of the articles destroyed, because she acted as the agent of her husband in their purchase.   It would probably be a sufficient answer to this to remind counsel that the testimony of the wife was not confined to the original cost of the articles.   She, also, testified to their value, when burned.   But, aside from this, the position is untenable ; because, *first*, the original cost price of the furniture furnished no criterion for ascertaining its value, when destroyed ; and, *second*, the right of a wife to testify for her husband on the score of agency must be confined to a suit, which is based upon, grows out of, or is in some way connected with, the business conducted by her as agent.   R. S. 1889, sec. 8922 ; *White v. Chaney*, 20 Mo. App. 389 ; *Haerle v. Kreihn*, 65 Mo. 202 ;

*Wheeler v. Tinsley*, 75 Mo. 459. How can it be said that this action is based upon, or grew out of, or *was in any way connected with*, the original purchase of the goods? If the plaintiff's title to the goods was questioned in this suit, or if this was a suit wherein the plaintiff's right to their possession was in issue, then we could very well see some connection between the original purchase and the issue on trial. We must, therefore, hold that Mrs. Flannery was an incompetent witness for any purpose, and that the court committed error in permitting her to testify. That her testimony was prejudicial to the defendant, cannot very well be doubted. In fact, her testimony was the only reliable evidence offered by the plaintiff in respect of the value of the goods.

III. The defendant asked the court to instruct that, if the atmospheric conditions existing at the time of the fire, and the situation of the building with reference to the defendant's railroad track, were such that it was more probable that the fire originated from other causes than the escape of sparks from the engine, then the finding should be for the defendant. The court declined to give this instruction as asked, but did give the following on the defendant's motion:

"The court instructs the jury that, in arriving at a verdict in this case, they are at liberty to consider the probability or improbability of the fire having originated from causes other than that of the escape of sparks from an engine."

In this instruction the direction was general, and we think it presents the better practice. Whether the atmospheric conditions, when considered in connection with the location of the house in respect of the railroad track, were such as to render it improbable that fire was communicated to the building by sparks from a passing locomotive, was properly a matter of argument. The assignment with reference to this instruction will be overruled.

The defendant also complains of the action of the court in refusing the following instructions: "The court instructs the jury that the mere proof of the fact, that a fire broke out in the premises, in which the property here in controversy was situated, shortly after an engine had passed said premises, does not, in itself, create a liability against defendant for any damages which may have resulted to plaintiff therefrom, and, unless the jury believe from the evidence that the situation of said premises with reference to defendant's track on which the trains in evidence were moving, and the atmospheric conditions existing at the time and place of the fire were such, as to indicate a reasonable probability that the fire originated from sparks emitted from an engine of defendant, they will find their verdict for defendant."

This instruction was properly refused, because it was argumentative and it ignored the positive evidence of two of plaintiff's witnesses that sparks from the defendant's locomotive did fall on the building.

The defendant insists that the measure of damages, stated in the plaintiff's first instruction, was erroneous. The instruction reads:

"If the jury find from the evidence that, on the seventh day of May, 1889, the premises occupied by plaintiff, mentioned in the evidence, were set fire to by the sparks emitted from an engine of the defendant, and his property was thereby damaged; and if the jury further find from the evidence that said sparks were caused to be emitted from said engine either through a defective or insufficient condition of said engine, which defendant could have removed by ordinary care, or by the want of ordinary care on the part of defendant's servants in charge thereof, if such defective condition of said engine existed, then plaintiff is entitled to recover the reasonable amount of the damage to said property so damaged, with interest at the rate of six per cent.

per annum from the time this suit was brought, to-wit, from December 10, 1889, to this date."

The objection made to this instruction is well taken. It appears from the evidence that some of the furniture was saved, but in a damaged condition. The instruction seems to have been drawn upon that theory. As to the damaged property the measure of damages was the difference between its value before and after the fire. As to the property totally destroyed, its reasonable value, as shown by the evidence, should have been assessed.

For the errors mentioned the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.