GARDNER, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILWAY COMPANY,
Appellant.

St. Louis Court of Appeals, April 16, 1907.

1. **RAILROADS: Killing Stock: Admissions.** In an action against
   a railroad company for killing plaintiff's stock which went upon
   the right of way through a defective right of way fence, a state-
   ment in the claim for damages inconsistent with a claim of
   the petition in the suit was not sufficient to nonsuit the case,
   where it was plain that the statement in the claim was a mis-
   take.

2. **WITNESSES: Husband and Wife: Agency.** In an action by a
   wife against a railroad company for killing her stock, where
   the husband testified that he was his wife's agent in the man-
   agement of her farm and cattle and that after the cattle were
   killed he made an examination of them, this was not suffi-
   cient to constitute him a competent witness in the cause; the
   suit neither grew out of nor was connected with any business
   transaction conducted by him as her agent within the meaning
   of section, 4656, Revised Statutes 1899.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*Martin L. Clardy, James F. Green* and *Ernest A. Green* for appellant.

(1) Samuel Gardner, being the husband of plaintiff, was not a competent witness in the case. Bayse v. Railway, 65 Mo. App. 476; Williams v. Williams, 67 Mo. 661; Wheeler & Wilson v. Tinsley, 75 Mo. 458; Scrutchfield v. Sauter, 119 Mo. 625; Coxner v. Loehr, 117 Mo. App. 698; Layson v. Cooper, 174 Mo. 211; Orchard v. Collier, 171 Mo. 390; Bank v. Wright, 104 Mo. App. 242; Flannery v. Railroad, 44 Mo. App. 396; Long v. Martin, 152 Mo. 668; Kuenzel v. Stevens, 155 Mo. 280; Courtney v. Railroad, 92 S. W. 251. (2) The court should have given the instruction in the nature of a demurrer to all the evidence, requested by defendant. There was no evidence that the cattle had been struck by a train and, therefore, no case to submit to the jury. Logan v. Railroad, 111 Mo. App. 674; Gilbert v. Railroad, 29 Mo. App. 65; Lindsay v. Railroad, 36 Mo. App. 53; Perkins v. Railway, 103 Mo. 22; Shaw v. Railway, 110 Mo. App. 561. (3) The court erred in giving the instruction on part of plaintiff. The evidence showed that only six head of cattle were crippled and killed. An instruction must always be predicated upon the testimony adduced. Stephon v. Metzger, 95 Mo. App. 626; Stoetzle v. Sweringen, 96 Mo. App. 592; Smedley v. Railway, 118 Mo. App. 103; Holden v. Railroad, 177 Mo. 456; Danker v. Mfg. Co., 102 Mo. App. 723; Marr v. Banker, 92 Mo. App. 651.

*Abington & Stanley* for respondent.

(1) Defendant did not "specifically" complain of the action of the court in permitting Samuel Gardner

to testify in the cause, in its motion for a new trial, therefore this court will not review said matter. Hill v. Alexander, 77 Mo. 303; Berman v. Hoke, 61 Mo. App. 379; Pitts v. Sheriff, 108 Mo. 115. The court properly overruled the demurrer offered at the close of all the evidence in this cause; there was sufficient evidence to submit the case to the jury. Jackson v. Railroad, 36 Mo. App. 170; Blewitt v. Railroad, 72 Mo. 583; McBride v. Railroad, 20 Mo. App. 216; Mayfield v. Railroad, 91 Mo. 296; Harned v. Railroad, 51 Mo. App. 487; Pearson v. Railroad, 33 Mo. App. 543; Kimball v. Railroad, 99 Mo. App. 335.

GOODE, J.—Action for double damages for the loss of seven cattle belonging to plaintiff. There is evidence to show the animals went on the railroad track because of the bad condition of the fencing along the right of way and were struck by a passing train, some of the cattle being killed and others crippled. It is contended by the company that none of the animals were shown to have been struck by an engine and, at most, only six were injured in that manner; whereas the instructions allowed a verdict for seven. We overrule both those assignments of error and hold there was evidence conducing to show seven animals were struck by a locomotive. It is true that in the documentary claim presented to the company by the plaintiff's husband, he answered the thirteenth interrogatory: "Was animal struck by a train?" in the negative. This must have been a mistake, for there are many other interrogatories and the answers as a whole indicate the claim presented was for damages for injuries inflicted by an engine colliding with the cattle.

Plaintiff having offered her husband as a witness, defendant objected to any further testimony from him for the reason that he was not a competent witness in her behalf. He was permitted to testify on the ground of agency. What he said about the agency was that he

was the agent of his wife in the management of her farm and cattle and after the cattle were killed, made an examination of them. The statutes remove the disqualification of a married man as witness in a suit prosecuted in the name of or against his wife, when the proceeding "is based upon, grows out of, or is connected with any matter of business or business transaction, where the transaction or business was had with or was conducted by such married man as the agent of his wife." [R. S. 1899, sec. 4656.] Mr. Gardner was not a competent witness within the meaning of that provision of the statute. The suit neither grew out of nor was connected with any business transaction conducted by him as his wife's agent. If the cause of action had arisen from some business affair between him and the defendant in which he represented his wife, he would have been competent to testify regarding the affair. But certainly he was not a qualified witness in the present case, as all the decisions hold which construe the statute in controversies akin to this one. [White v. Chaney, 20 Mo. App. 389; Flannery v. Railroad, 44 Mo. App. 396; Courtney v. Railroad, 77 Ark. 431.] There can be no doubt as to the incompetency of the husband to testify generally in the case. This proposition is not seriously contested, but several reasons are assigned why reversible error was not committed in admitting his testimony. These are that the court did not pass on the question; that the objection was waived by cross-examining him as to new matter and that the defendant did not specifically complain of the admission of his testimony in the motion for a new trial. None of those positions is well taken. Defendant's objection to the husband's testimony was definite and the court, after saying no agency had been proved and receiving proof of the agency, permitted him to testify. The record shows an exception was saved to the ruling and, further, that in the motion for a new trial, defendant complained of the reception

of incompetent testimony. As to the contention that the exception was waived by bringing out new matter in the cross-examination of Gardner, suffice to say nothing new was elicted from him except that he signed his wife's name to the claim presented in her behalf to the defendant company. Proving so trivial a fact ought not to be treated as a waiver of the exception previously saved.

The judgment is reversed and the cause remanded. All concur.