Fishback v. Harrison.

---

## M. L. FISHBACK, Appellant, v. JAMES R. HARRISON, Respondent.

**Kansas City Court of Appeals, May 17, 1909.**

1. **WITNESSES: Husband and Wife: Common Law.** At common law the husband and wife were disqualified from testifying for or against each other concerning facts learned from each other while that relation existed. And that rule applied to all cases and was not confined to those to which the consort of the witness was a party.

2. ——: ——: ——: **Statute: Agency.** The Missouri statute modifies this rule so as to permit a wife to testify for her husband in respect to any matter of business transaction, where the transaction was conducted by the wife as the agent for her husband. Transactions about which she may testify are transactions had with some persons, other than her husband, and not transactions by the husband himself with some other person.

3. ——: ——: ——: ——: ——: **Signatures.** Where a husband makes a settlement with another and simply calls his wife to sign his name to a note, she is not a competent witness to the signature when the husband is sued on the note and pleads *non est factum.*

Appeal from Johnson Circuit Court.—*Hon. Nick. M. Bradley,* Judge.

REVERSED AND REMANDED.

*Jas. A. Kemper* for appellant.

(1) At common law, Lulu Harrison, the wife of the defendant, was incompetent to testify in any case to which her husband was a party. Oexner v. Loehr, 117 Mo. App. 709; Bank v. Wright, 104 Mo. App. 242. (2) This disability is removed by statute (as can apply to this case), only "in matters of business transactions, when the same was had and conducted by such married woman as the agent of her husband." R. S. 1899, sec. 4656; Bank v. Wright, 104 Mo. App. 242; Oexner v. Loehr, 117 Mo. App. 709; Dawdy v. Dawdy's Estate, 118 Mo. App. 340; Gardner v. Railroad, 124 Mo. App. 461; Goff v. Roberts, 72 Mo. 570; Hardy v. Matthews, 42 Mo. 406. (3) Said witness was called to testify merely to a fact in her husband's defense, in a business transaction which he was conducting and not to any matter of business which she was conducting as his agent. (4) The defense assumes the absurd position that the wife was competent to testify, as the agent of the defendant, her husband, and yet denies that she was his agent. This court has many times decided that a party cannot assume inconsistent positions in a controversy at law. In other words, that he cannot "blow hot and cold."

*M. D. Aber* for respondent.

(1) The note sued upon could have been executed by defendant in only two ways: First, by his own hand, as by writing his name himself or by making his mark, or second—by his agent. Either would bind him. Selvin v. Reppy, 46 Mo. 606; 14 Enc. Plead. and Pr., pp. 468, 469, and cases cited. (2) The agency of defendant's wife being, for the purposes of this cause, established by plaintiff, she became a competent witness to testify regarding whatever was done by her within the scope of that agency. McGuire v. DeFreese, 77 Mo. App. 655; Basye v. Railroad, 65 Mo. App. 475; Rand v. Peck, 163 Mo. 341; R. S. 1890, sec. 4656. (3)

Mrs. Harrison was a competent witness to establish her own agency, and her acts under it. State Bank v. Leete, 115 Mo. 204; Rand v. Peck, 163 Mo. 333. This being established, it is a necessary corollary to the proposition, that she could deny such agency, and acts under it, when alleged from an outside source. (5) Even though Mrs. Harrison's testimony was incompetent, yet plaintiff cannot complain for the reason that he himself first introduced her statements and evidence before the jury. Schaefer v. Railroad, 128 Mo. 76; State v. Dettmer, 124 Mo. 433; Bank v. Cushman, 66 Mo. App. 105; Distilling Co. v. Hubbard, 53 Mo. App. 27; Taylor v. Penquite, 35 Mo. App. 402; Zeliff v. Schuster, 31 Mo. App. 500. (6) Neither can he complain for the reason he did not move to strike the testimony out. State v. Bateman, 198 Mo. 223.

JOHNSON, J.—Plaintiff sued defendant in a justice court on a negotiable promissory note for $50. Defendant answered under oath denying the execution of the note. Trial to a jury in the circuit court resulted in a verdict and judgment for defendant and plaintiff appealed.

Defendant can neither read nor write. Plaintiff, a physician, testified that defendant owed him an account for professional services and in settlement and compromise thereof gave him a cow valued at $50 and the note in suit. The settlement was made at the home of the defendant and when an agreement was reached, plaintiff prepared the note and defendant called his wife from an adjoining room and directed her to sign his name which she did. It appears that she acted as the agent of her husband in signing his name to business papers. Defendant testified that he and plaintiff had a settlement at his home by the terms of which the amount of the indebtedness was fixed at $75, a cow owned by defendant was accepted by plaintiff as a payment on the account and the remainder was allowed

to stand as an unpaid account. He denies that any note was given. The expert evidence introduced by the parties was about evenly balanced. The witnesses for plaintiff were of the opinion that the signature of the note was in the handwriting of defendant's wife, while those for defendant expressed the contrary opinion. Defendant, to turn the scales in his favor, offered his wife as a witness. At first, the court sustained plaintiff's objection to her competency, but later reversed his ruling and over the objection of plaintiff allowed her to testify "only as to her actions, if any, in regard to signing this note." She said she did not sign her husband's name to the note.

The only question worthy of discussion in the briefs of counsel is the propriety of the ruling of the court in permitting the wife to testify to the bare fact of whether or not she signed defendant's name to this note. Plaintiff argues that the common law rule which disqualified the wife from testifying in an action to which her husband was a party should be applied since the facts in evidence do not bring the case within the purview of the statutory exception that permits the wife to testify "in all matters of business transactions when the transacion was had and conducted by such married woman as the agent of her husband." [Section 4656, Rev. Stat. 1899.] Defendant insists that the wife was the agent of her husband in signing his name to business papers and as plaintiff, to maintain his cause of action, was compelled to prove the existence of such agency, with respect to the present transaction, his own testimony made the wife a competent witness, and, second, even if this were not true, she was competent to testify regardless of whether she was her husband's agent for the reason that her knowledge respecting the single fact to which the court restricted her testimony was not gained from any conversation or admission of her husband, but from the use of her own senses.

The case of Shanklin v. McCracken, 140 Mo. 348,

is relied on to support the last proposition. That case is not in point here. There the husband was not a party to the suit and the rule discussed was the common law rule which disqualified husband and wife from testifying to facts learned from each other while that confidential relation existed. This rule applied to all cases and was not confined to those to which the consort of the witness was a party. [Moore v. Wingate, 53 Mo. 398.] In cases such as the present where the husband was a party in interest, the rule of the common law on grounds of public policy forbade the wife from testifying to any fact whether knowledge of such fact came to the wife from the admissions and conversations of her husband or from independent sources. That rule disqualified the wife of defendant unless the evidence discloses that she came within the statutory exception we have noted. She and defendant both denied the existence of any agency in the present transaction. Defendant says he gave no note to plaintiff and his wife says she did not sign his name to any note. On the other hand, plaintiff says she did sign her husband's name to the note in the presence and at the dictation of her husband, but did nothing else and took no part in the conduct of the transaction. Her right to testify, then, if such right exists, would rest entirely on the evidence of plaintiff and we must look to that evidence alone to ascertain the scope of her agency.

As the mere instrument employed by her husband to affix his name to the document, she was a species of agent, as she was the agency by which he performed the manual act of signing the paper. But the agent described in the statutory exception must be authorized to do more than to perform some mere ministerial act connected with the transaction. She must be the person who conducts the transaction in some essential part; otherwise her common law disqualification remains unaffected by the statute. Such is the view expressed by the St. Louis Court of Appeals in two recent cases, Bank v. Wright,

104 Mo. App. 242; Gardner v. Railway, 124 Mo. App. 461.] In the first of these cases, the court say:

"At common law a married woman is disqualified to testify for her husband in a civil suit brought by or against him; but under clause 3, section 4656, Revised Statutes 1899, she is not disqualified to testify for him in respect to 'any matter of business transactions, where the transaction was had or conducted by such married woman as the agent of her husband.' The transactions (if they may be called transactions) testified to as having been conducted by the wife for her husband as his agent, were writing his letters at his dictation and keeping his books of account. The transactions about which she may testify, under the statute, are transactions had with some person other than her husband, and not transactions had by the husband himself with some other person. There is not a word of evidence that any agreement in respect to the cattle or the debt was made by and between Davis and Mrs. Wright, as the agent of her husband; on the contrary, defendant testified that the transaction was conducted by himself with Davis and all his wife had to do with it was to write out the receipt for the cattle as dictated by Davis. She was not defendant's agent in this transaction, the transaction was not conducted by her and she was an incompetent witness and her deposition should have been excluded."

In the second case, the question was whether the husband was a competent witness in the suit of his wife. It was held:

"The statutes remove the disqualification of a married man as a witness in a suit prosecuted in the name of or against his wife, when the proceeding 'is based upon, grows out of, or is connected with any matter of business or business transaction, where the transaction or business was had with or was conducted by such married man as the agent of his wife.' [R. S. 1899, sec. 4656.] Mr. Gardner was not a competent witness within the

meaning of that provision of the statute. The suit neither grew out of nor was connected with any busi-. ness transaction conducted by him as his wife's agent. If the cause of action had arisen from some business affair between him and the defendant in which he represented his wife, he would have been competent to testify regarding the affair. But certainly he was not a qualified witness in the present case, as all the decisions hold which construe the statute in controversies akin to this one. [White v. Chaney, 20 Mo. App. 389; Flannery v. Railroad, 44 Mo. App. 396; Courtney v. Railroad, 77 Ark. 431.]"

These cases correctly expound the law and are in harmony with our decision in McGuire v. DeFrese, 77 Mo. App. 683, for in that case, the evidence showed the transaction in question was conducted by the wife. Since the wife in the case in hand did not conduct the settlement, in fact had nothing to do with it, and was nothing more than the pen used in signing her husband's name to the note, she was not a competent witness either under the common law rule or the statutory exception thereto.

The judgment is reversed and the cause remanded. All concur.