## T. J. BAIRD, Respondent, v. FIRST NATIONAL BANK OF CAMPBELL, Appellant.

### Springfield Court of Appeals, July 7, 1910.

1. **WITNESSES: Husband and Wife: Evidence: Wife Incompetent Witness.** In a suit against a bank for an alleged deposit, the officers of the bank denied that the deposit had ever been made. Plaintiff's wife testified that the plaintiff had delivered to her the duplicate deposit slip showing the deposit in defendant's bank, and that this slip had subsequently been destroyed by fire. *Held,* improper to admit this evidence for the wife was not a competent witness.

2. **EVIDENCE: Witnesses: Husband and Wife: Wife Competent Witness, when.** While the wife is a competent witness, in suits where her husband is a party, as to all matters of business transaction conducted by her as the agent of her husband, she is not a competent witness in other cases and under other circumstances.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Tribble & Smith* and *W. S. C. Walker* for appellant.

(1)   The court erred in admitting the testimony of Mrs. T. J. Baird on behalf of the plaintiff, respondent herein. R. S. 1899, sec. 4656; White v. Chaney, 20 Mo. App. 389; Wheeler v. Tinsley, 75 Mo. 459; Reno v. Kingsberry, 39 Mo. App. 240; Flannery v. Railroad, 44 Mo. App. 396; Bank v. Wright, 104 Mo. App. 243; Hardy v. Matthews, 42 Mo. 406.

GRAY, J.—The respondent brought this suit in the circuit court of Dunklin county, alleging that he deposited $289.80 with the appellant on or about the 15th day of May, 1906; that afterward the bank denied receiving the money, and that plaintiff had never withdrawn the same from the bank, and asked for a judgment for $289.80, the amount of his deposit. The plaintiff offered testimony to support the allegations of his petition, and the defendant offered testimony tending to prove that the deposit was never made. The cause was tried before a jury, resulting in a verdict in favor of plaintiff, for the amount sued for. From this judgment defendant appealed.

The only error urged for the reversal of the judgment is that the court erred in permitting the wife of the plaintiff to testify in his behalf. The plaintiff testified that he deposited the money with W. S. Gardner, cashier of defendant; that he received from the cashier a deposit slip which he took home the same day and gave to his wife.

Upon behalf of the defendant, Mr. Gardner, cashier, and one L. N. Allen, assistant cashier, testified that plaintiff did not deposit the money in the bank and that no deposit slip was given to him. Over the objection and exception of the defendant, Mrs. Baird, the plaintiff's wife, was permitted to testify that her husband brought her a duplicate receipt for $289.80, signed by Mr. Gardner, cashier of defendant's bank; that she took the deposit slip and put it with the bank book they had, and that it was burned when their house burned on or about the 20th of May, 1906; that she was positive this deposit slip was from the defendant bank and had the signature of its cashier.

The plaintiff testified that he could not read or write and that his wife had attended to all the business of writing letters, and that he had turned the deposit slip over to her when he got home.

While the wife is a competent witness, in suits where her husband is a party, as to all matters of business transactions conducted by her as the agent of her husband, she is not a competent witness in other cases, and under other circumstances. In this case the wife testified to the fact that her husband had the deposit slip; that it was signed by the defendant's cashier. She had not procured the deposit slip from Mr. Gardner, and had transacted no part of the business relating thereto as the agent of her husband. She was not a competent witness to prove the facts testified to by her, and the court erred in permitting her to testify thereto. [Bank v. Wright, 104 Mo. App. 242, 78 S. W. 686; Fishback v. Harrison, 137 Mo. App. 664, 119 S. W. 465.]

The plaintiff had testified that he made the deposit and received a receipt therefor. The cashier and assistant cashier had testified to the contrary. The burden was upon the plaintiff, and therefore permitting his wife to corroborate him was substantial error against the appellant. The judgment will be reversed and the cause remanded. All concur.