CONNECTICUT FIRE INSURANCE COMPANY, Respondent, v. CHESTER, PERRYVILLE & STE. GENEVIEVE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals.  Argued and Submitted January 6, 1913.  Opinion Filed February 4, 1913.

1. **RAILROADS: Fires: Sufficiency of Evidence.** In an action against a railroad company for damages from a fire alleged to have been set by one of its engines, circumstantial evidence *held* to warrant a finding that the fire was started by a spark from defendant's engine.

2. **EVIDENCE: Opinion Evidence: Distance Sparks Will Carry.** A witness, who had had experience with firing threshing engines, and had observed the operation of locomotives with respect to throwing off sparks when fired with wood, as compared with threshing engines, and how far such sparks carried, was competent to testify as to how far sparks from a locomotive burning wood could be carried, as compared with those thrown off by a threshing engine burning wood, although he had never operated a locomotive.

Insurance Co. v. Railroad.

3. INSTRUCTIONS: Refusal: Commentary on Evidence. An instruction which comments on particular facts is properly refused.

4. WITNESSES: Competency of Wife: Agent of Husband. A wife is not a competent witness for her husband, in an action by him for damages to his dwelling from a fire alleged to have been set out by defendant, on the theory that, having been left in charge of the premises by him, she was his "agent," within Sec. 6359, R. S. 1909.

5. ———: ———: Husband Party in Interest. Sec. 6359, R. S. 1909, which provides that a wife may, in certain instances, testify in an action in the name of or against her husband, is an enabling statute, grafting exceptions upon the common law, and unless she comes within them, she is not competent to testify when her husband is a party in interest, whether a party to the action or not.

6. APPELLATE PRACTICE: Admitting Evidence on Wrong Theory: Harmless Error. In an action on an assigned claim, where it is not shown that the assignor has any pecuniary interest in it, his wife is a competent witness for the assignee; and the fact that the court permits her to testify on the erroneous theory that she was her husband's agent, within Sec. 6359, R. S. 1909, when in fact she was not such agent, is immaterial.

7. WITNESSES: Establishing Agency of Spouse: Competency of Husband or Wife. A husband or wife is a competent witness to prove the agency of the other.

8. EVIDENCE: Opinion or Fact: Distance Sparks Will Carry! In an action for damages from a fire alleged to have been caused by sparks from defendant's engine, testimony as to whether sparks from a fire in the yard could have ignited the roof was not opinion evidence but was testimony of a fact, and was properly admitted.

9. INSURANCE: Assigned Claim: Action by Insurance Company: Measure of Damages. Where an insurance company paid insurance on a house alleged to have been burned through the negligence of a railroad company, and the insured assigned his cause of action to it, the measure of recovery, in an action by it against the railroad company, was the full amount of the damage sustained, irrespective of what might have been recovered under the policy; the action being on the assignment and not on a right obtained through subrogation.

10. TRIAL PRACTICE: Appellate Practice: Argument of Counsel: Invited Error. In an action by an insurance company on an assigned claim for damages from fire alleged to have been set out by defendant, where the attorney for defendant stated

to the jury that plaintiff should not be allowed to recover more than the amount of insurance it had paid its assignor, defendant will not be heard to complain of a statement by plaintiff's attorney in reply that, though plaintiff had only paid a certain amount, it had to come into court and suffer delay and expense, especially in view of the fact that the damages allowed were not excessive.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Giboney Houck* and *Davis & Hardesty* for appellant.

(1) The demurrers to the evidence should have been sustained. (a) Defendant's evidence tending to show the true source of the fire to be other than an engine requires that plaintiff's circumstantial evidence be of the strongest character. Brooks v. Railroad, 98 Mo. 106; Torpey v. Railroad, 64 Mo. 382; Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 292; Gibbs v. Railroad, 104 Mo. App. 276; Bank v. Railroad, 98 Mo. App. 336; Hallon v. Fuel and Light Co., 105 S. W. 428; Wright v. Railroad, 107 Mo. App. 212; Big. Riv. Ld. Co. v. Railroad, 101 S. W. 638; 123 Mo. App. 394; Manning v. Railroad, 137 Mo. App. 631. (b) But from plaintiff's circumstantial evidence there can be deduced no rational inference that an engine caused the fire. Torpey v. Railroad, 64 Mo. App. 387; Morrow v. Pullman Co., 98 Mo. App. 357; Callehan v. Warner, 40 Mo. 132; Gibbs v. Railroad, 104 Mo. App. 276; Manning v. Railroad, 137 Mo. App. 631; Mockowik v. Railroad, 196 Mo. 571; Bank v. Railroad, 98 Mo. App. 335. (c) The remoteness of time when an engine passed is, alone, sufficient to preclude recovery. Foster v. Railroad, 143 Mo. App. 547; Gibbs v. Railroad, 104 Mo. App. 283; Bank v. Railroad, 98 Mo. App. 335; Manning v. Railroad,

137 Mo. App. 631; Schaub v. Railroad, 133 Mo. App. 444; Linkauf v. Lombard, 137 N. Y. 417; Hémmens v. Nelson, 20 L. R. A. 445. (2) In admitting evidence and refusing instructions thereon, the court committed reversible error. (a) Evidence of thresher engine sparks should have been excluded, and defendant's instructions 7 and 8, directed to the elimination of the improper testimony received, should have been given. Campbell v. Railroad, 121 Mo. 349; Sheldon v. Railroad, 14 N. Y. 223; Railroad v. Richardson, 91 U. S. 454; Railroad v. Gilbert, 52 Fed. 711; Mills v. Railroad, 76 S. W. 30; Railroad v. Barrow, 20 S. W. 165; Railroad v. Richardson, 99 S. W. 642; Railroad v. Short, 77 S. W. 936; 16 Cyc. 1114; 33 Cyc. 1372-1376; Campbell v. Railroad, 121 Mo. 349; Cotton Co. v. Railroad, 114 Fed. 133. (b) Maddock's wife was incompetent to testify in behalf of his assignee. Johnson v. Burks, 103 Mo. App. 230; Wheeler, etc. Co. v. Tinsley, 75 Mo. 458; White v. Chaney, 20 Mo. App. 389; Gardner v. Railroad, 124 Mo. App. 461; City of Joplin ex rel. v. Freeman, 125 Mo. App. 717; Bank v. Wright, 104 Mo. App. 242; Fishback v. Harrison, 137 Mo. App. 634. (c) Anna Knoll's opinion as to whether sparks from the kettle-fire in the yard could have ignited the roof should also have been excluded. Gavish v. Railroad, 49 Mo. 274; Kent v. Miltenberger, 15 Mo. App. 480; Railroad v. Stock Yards Co., 120 Mo. 541; Koenig v. Railroad, 176 Mo. 698. (3) Plaintiff's instructions 1, 2 and 3 should have been refused, because they authorized a recovery exceeding $558.85, the limit of plaintiff's liability to Maddock. Sec. 3151, R. S. 1909; Walker Bros. v. Railroad, 68 Mo. App. 471; Foster v. Railroad, 143 Mo. App. 547; Ins. Co. v. Railroad, 74 Mo. App. 106; Brown v. Fire Ins. Co., 83 Vt. 161; Dyer v. Railroad, 99 Me. 195; Railroad v. Roper, 36 L. R. A. (N. S.) 954; Ins. Co. v. Railroad, 20 L. R. A. 410; Life Ins. Co. v. Richards, 99 Mo. App. 93; Whitemore v. Supreme Lodge, 100 Mo. 36; Life Ins.

Co. v. Rosenheim, 56 Mo. App. 27; Huesner v. Life
Ins. Co., 47 Mo. App. 336; Morrison Adm'r v. Ma-
rine & Fire Ins. Co., 18 Mo. 262; 19 Cyc. 638; Sun
Ins. Office v. Merz, 63 N. J. L. 365. (4) The injury,
from opposite counsel's argument for including in
the verdict expenses of delay and litigation, should
have been prevented by the court. Selby v. Railroad,
122 Mich. 311; Railroad v. Nesbit, 40 Tex. Civ. App.
309; Haynes v. Town of Trenton, 108 Mo. 133.

*Noell & Noell* for respondent.

(1) Appellant's counsel complain of plaintiff's
instructions numbered 1, 2 and 3 because they author-
ized a recovery exceeding $558.85, the amount of the
insurance paid by plaintiff to George Maddock. Ap-
pellant's counsel seem to overlook the fact that the
assignment from Maddock to plaintiff conveys to
plaintiff Maddock's entire cause of action for the
damage done him by the fire. Without an assignment
from Maddock the plaintiff insurance company would
have been subrogated to Maddock's right to recover
damages from defendant to the extent of $558.85, the
amount of the insurance paid Maddock by plaintiff.
Ins. Co. v. Railroad, 149 Mo. 165; Ins. Co. v. Railroad,
74 Mo. App. 106. But the assignment carried to plain-
tiff Maddock's entire cause of action against defend-
ant, which was the entire damage sustained by Mad-
dock by reason of the fire. Snyder v. Railroad, 86 Mo.
613; Smith v. Kennett, 18 Mo. 154; Dickson v. Eleva-
tor Co., 44 Mo. App. 498; Childs v. Railroad, 117 Mo.
414; Chouteau v. Boughton, 100 Mo. 407. So far as
the excess of damages sustained by Maddock over and
above the amount of insurance paid him is concerned,
plaintiff is a trustee of an express trust and entitled
to sue therefor in its own name under and by virtue
of the assignment. And a claim can be assigned with-
out consideration for collection only, and the assign-
ment carries a valid title to the assignee which the de-

fendant cannot dispute. R. S. 1909, sec. 1730. Bank v. Edwards, 84 Mo. App. 462; Beattie v. Lett, 28 Mo. 596; Reyburn v. Mitchell, 106 Mo. 366; Haysler v. Dawson, 28 Mo. App. 531. (2) The wife of George Maddock, having been left as his agent in charge of his house, was a competent witness in the case. R. S. 1909, sec. 6359; Basye v. Railroad, 65 Mo. App. 468; Reed v. Peck, 163 Mo. 333. And the agency of the wife can be proved by her own testimony. Reed v. Peck, 163 Mo. 338; Leete v. Bank, 115 Mo. 184; Long v. Martin, 152 Mo. 668. (3) Defendant's refused instructions 7 and 8 were, as hereinbefore stated, comments on the evidence, and for that reason were properly refused. These instructions both singled out certain evidence and commented on the force and effect thereof. Imboden v. Trust Co., 111 Mo. App. 220; Shanahan v. Transit Co., 109 Mo. App. 228; Smith v. Woodmen of World, 179 Mo. 137; Swink v. Anthony, 96 Mo. App. 420; Ewing v. Ewing, 44 Mo. 20; Carroll v. Paul's Adm'r, 16 Mo. 226; Fine v. St. Louis Schools, 30 Mo. 175. (4) It is plain from the testimony in this case that George Maddock's property was set on fire by a spark from one of defendant's engines. Hence the verdict of the jury and judgment of the court were for the right party. There was no error committed by the trial court against the defendant materially affecting the merits of the action. It is therefore respectfully submitted by counsel for respondent that there is no ground for reversing this case. R. S. 1909, sec. 2082; Cross v. Gould, 131 Mo. App. 585; Freeland v. Williamson, 220 Mo. 217; Stump v. Kopp, 201 Mo. 412; Mann v. Doerr, 222 Mo. 1; Berry v. Railroad, 214 Mo. 593; Armelio v. Whitman, 127 Mo. App. 698; Logan v. Field, 192 Mo. 54; O'Keefe v. Railroad, 124 Mo. App. 613; Chaplin v. Transit Co., 114 Mo. App. 256.

REYNOLDS, P. J.—This is an action for damages alleged to have been sustained by one George

Maddock, in consequence of the destruction by fire of a dwelling and outbuilding owned by Maddock, the fire, it is alleged, having been communicated to the buildings from sparks thrown out by an engine of the defendant. Maddock, the owner, carried insurance on the property. After the fire he was paid $558.85 by the insurance company on the loss. Whereupon he assigned his claim for damages against the railroad company for the loss to the insurance company, plaintiff below, respondent here. It is by virtue of this assignment that plaintiff instituted this action, in which it was awarded a verdict in the sum of $636.85. Judgment following, defendant, filing a motion for new trial and saving exception to that being overruled, has duly perfected appeal to this court.

Here counsel for appellant assign four grounds on which reversal is asked.

The first error assigned is to the refusal of the court to sustain the demurrers interposed by defendant to the testimony in the case. In support of this assignment it is claimed that defendant having introduced evidence tending to show the true source of the fire to have been other than the sparks from the engine, it devolved upon plaintiff to produce circumstantial evidence of the strongest character; it had failed in this and from the circumstantial evidence produced in the case, no rational inference could be drawn that the fire had been caused by sparks from the engine, the remoteness of time when an engine passed the premises being alone sufficient to preclude recovery. We dispose of this assignment by saying that the evidence connected with the fire, the movements of the engine, the escape of sparks, in short, all matters connected with the origin of the fire were fully gone into and there was substantial evidence to warrant the jury in arriving at its verdict, so far as relates to the origin of the fire; that is, that it originated from sparks from a passing engine, operated by the defendant's em-

ployees. While there was no direct testimony as to this, the circumstantial evidence was sufficient to warrant the jury in arriving at the conclusion which it did as to the origin of the fire.

The second error assigned is to the admission of evidence and refusal of instructions thereon. The principal evidence objected to was that of a witness who testified as to the distance sparks thrown off by the engine of the defendant could be carried as compared with those thrown off by an engine of a threshing machine. It is claimed that this witness knew nothing of the operation of a locomotive engine and that therefore he was not in a position to make comparison between it and the engine of a thresher. That witness testified that he had observed the workings of a threshing machine engine as compared with a locomotive engine as to throwing out sparks, when burning wood, and that he thought they were similar. It is true that he did not claim to have ever operated a locomotive engine, while he had had much experience with the ordinary engines used in connection with threshers, but he also testified that he had frequently observed the operation of locomotive engines with respect to throwing off sparks when fired with wood, and how far such sparks were carried. We think this was sufficient to entitle him to testify, by comparison, as he did, when each had been fired with wood, as there was evidence tending to show was the case with this engine.

The refused instructions referred to are numbered 7 and 8. They are so glaringly comments on particular facts that there was no error in refusing them.

Under this second assignment it is further urged that the wife of the assignee Maddock, who was permitted to testify as to the facts connected with the fire and as to the value of the household goods destroyed, was incompetent to testify in behalf of the

assignee of her husband. She was permitted to testify on the ground that she was the agent of her husband. She and her husband testified that the husband was away from home, a mile or two distant, engaged in work of some kind, and had left the wife in charge of the house and premises, and that in his absence she was his agent. We do not think that she should have been permitted to testify as agent of her husband, as we do not think that she came within the exceptions of section 6359, Revised Statutes 1909. This present action was not one upon a policy of insurance, nor against a carrier, hence the wife did not fall within such cases. The only ground upon which she could be admitted as a witness, if her husband had been a party, is the third clause of section 6359, Revised Statutes 1909. That removes her disqualification as a witness in any civil suit or proceeding prosecuted in the name of or against her husband, whether joined or not with her husband as a party, "in all matters of business transactions when the transaction was had and conducted by such married woman as the agent of her husband." It was held by our court in Gardner v. St. Louis, I. M. & S. R. Co., 124 Mo. App. 461, 101 S. W. 684, that the matter concerning which the wife was there permitted to testify did not grow out of, nor was it connected with, any business transaction conducted by the wife as the agent of her husband. That is the fact here. The attention of the wife to the house or farm in the absence of her husband was no more than that given by the husband in the Gardner case to the care of the property of the wife. It did not make her his agent. [See also White v. Chaney, 20 Mo. App. 389; City of Joplin ex rel. v. Freeman, 125 Mo. App. 717, 103 S. W. 130.] On the authority of these decisions, therefore, we must hold that the wife was not competent by reason of being the agent of the husband to testify provided the husband had been a party to this suit.

Here the husband is not a party of record; hence this case is not within the statute. But he was the assignor of the cause of action. If it is true that he is the real party in interest as to any surplus over and above the amount of the insurance, there would be no doubt that at common law neither he nor his wife are competent. [Starkie on Evidence (9 Ed.), p. 129, sec. 126, note q.] While our statute has abolished interest as a disqualification of a witness, it has not abolished the common law disqualification of the wife, save as to the exceptions in the statute. [White v. Chaney, supra.] Section 6359, supra, is an enabling statute, grafting exceptions upon the common law and the exceptions there made are the only exceptions to the common law so far as qualifies the wife as a witness. Unless she comes within these exceptions, she cannot testify when the husband is a party in interest, whether a party to the action or not. [See White v. Chaney, supra.] When Mr. Maddock, the assignor of plaintiff, was being examined, counsel for respondent, plaintiff below, offered and undertook to prove that he had an interest in any surplus which might be realized in this action over and above the amount paid by the insurance company to him. Counsel for defendant objected to this, because Maddock is not a party and it is immaterial, and on his objection the testimony was excluded. There is then, nothing in the record to show that Maddock has any pecuniary interest in the result of the action, and there was no claim made that the testimony of the wife should be excluded for that reason. While it was error to admit her evidence on the theory upon which it was offered and admitted, that is, on the theory of agency, there being no evidence that the husband was interested, she was a competent witness. Hence we cannot hold that it was reversible error to permit her to testify.

Counsel for appellant urge that the fact of agency could not be proven by the testimony of the husband

or the wife, citing Wheeler & Wilson Mfg. Co. v. Tinsley, 75 Mo. 458, in support of this. The decisions in that case and in Williams v. Williams, 67 Mo. 661, do so hold, but in Leete v. State Bank of St. Louis, 115 Mo. 184, l. c. 204, 21 S. W. 788, that decision as well as that in Williams v. Williams were disapproved by the Supreme Court as to this point, our Supreme Court holding that husband and wife were competent witnesses to prove agency of the other.

It is further claimed under this assignment that it was error to allow what is called the opinion evidence of a Mrs. Knoll as to whether sparks from the fire in the yard could have ignited the roof, to stand, appellant having moved to exclude this testimony. We see no error in the action of the court in overruling that motion; her testimony was not mere opinion evidence, but of a fact.

The third error assigned is to giving the instructions at the instance of plaintiff allowing recovery for the whole loss by the fire, appellant contending that the amount of the recovery should be confined to the amount the insurance company, the assignee, had paid to Maddock, the owner. That contention is untenable. This is not an action by one subrogated to the rights of the insured under the policy but as an action by plaintiff, as assignee of a chose in action. The measure of recovery in this case is the full amount of the damage sustained, within the amount stated in the petition, and irrespective of the amount which might have been recovered under the insurance policy.

The fourth assignment of error is to remarks said to have been made by counsel for respondent in his closing address to the jury, and claimed to have been injurious and prejudicial to the defendant. As appears by the bill of exceptions, in a closing address to the jury, one of the counsel for plaintiff said, in substance and effect, "that though plaintiff had paid only $558 to Maddock, yet plaintiff had been by the defend-

ant compelled to come into court and suffer delay and expense in enforcing its (plaintiff's) claim." It appears that these remarks were made by that counsel in answer to the argument of counsel for the appellant that as the insurance company had paid Maddock $558.85 as insurance money for the damage and destruction of the property which had been damaged and destroyed by fire of an engine in use upon defendant's track, that plaintiff should not be allowed to recover more than that. Clearly counsel for defendant, appellant here, by his statement invited some such answer. Apart from that, plaintiff sued for $900; the verdict was for $636. The lowest estimate placed upon the buildings destroyed was $600, and considering the value of the personal property destroyed, placed at about thirty-two dollars, and interest from the time of the bringing of the action until the judgment, we are unable to see that this produced any injurious effect whatever upon the jury. On the whole we are unable to see any reversible error in this cause.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.