## HALSEY M. LYLE, Appellant, v. ALEXANDER G. ANDALAFT, Respondent.

### Kansas City Court of Appeals, February 16, 1914.

1. **PHYSICIANS AND SURGEONS: Contracts: Medical Service.** Plaintiff sued to recover for balance due on a contract for professional services in treating the wife of the defendant. Defendant contended that plaintiff had agreed to cure his wife and that his failure to do so was due to the inefficiency of the treatment. *Held*, that plaintiff was not entitled to recover the balance due on the contract.

2. ————: ————: **Prevented from Rendering Service.** Where a party to a contract forbids its performance by the other or interferes with its performance by the other to an extent which amounts to a refusal of performance, the other party thus interfered with may recover as if he had performed his contract. But the question as to whether or not plaintiff was prevented from rendering the medical services necessary to effect such cure was properly submitted to the jury.

3. **EVIDENCE: Husband and Wife: Testimony of Wife in Suit Against Husband.** Services rendered by a physician for a wife under employment by the husband are necessaries the husband is under legal duty to provide and the testimony of the wife is admissible in an action brought against her husband for such necessaries.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED.

*House, Manard, Allen & Johnson* for appellant.

*Hatch & Middlebrook* for respondent.

JOHNSON, J.—The petition alleges that plaintiff, a physician who specializes in skin diseases, entered into an oral contract with defendant for the treatment of his wife who was afflicted with a tubercular disease of the skin; that defendant agreed to pay $300 for the services; that they were duly performed and that after deducting certain payments there is a remainder due plaintiff of $205 for which he prays judgment. The suit was begun in a justice court and no answer was filed. The trial in the circuit court resulted in a verdict and judgment for defendant and plaintiff appealed.

Mrs. Andalaft has been afflicted with a form of tubercular lesion for eleven years or more when she consulted plaintiff. He stated that though the disease was of an obstinate nature he thought he could cure it in six or eight months and later repeated this opinion to defendant. An oral contract was entered into by him and defendant for the treatment of the disease for a consideration of $300, payable in monthly instalments of thirty-five dollars each, except the last which was to be twenty dollars. Plaintiff states that he did not guarantee a cure while defendant insists that he did and further represented that the disease would show signs of improvement in two or three weeks. The treatment of Mrs. Andalaft, pursuant to this contract, continued two months when it was discontinued by her. The evidence of plaintiff tends to show that satisfactory progress was being made and that she had

no good reason for refusing to continue the treatment while the evidence of defendant is to the effect that at the end of two months the disease showed no sign of abatement but appeared to be worse than at the beginning of the treatment.

A lawyer employed by plaintiff to collect his fee acted as peacemaker and the relation of physician and patient was resumed under the contract which was modified by changing the monthly payments from thirty-five dollars to ten dollars each. For almost a year after this episode Mrs. Andalaft received treatment at the office of plaintiff, making in all seventy-five or eighty visits, and then becoming discouraged she again discontinued the treatment.

Plaintiff contends that her condition was improved and that he would have cured her entirely had she obeyed his instructions but she constantly disobeyed them, despite his repeated admonitions and thereby prevented him from properly performing the contract. On the other hand the evidence of defendant tends to show a faithful obedience to instructions and that the complete failure of the treatment was due entirely to its inefficiency. It is conceded the monthly payments made by defendant amounted to ninety-five dollars.

Counsel for plaintiff invoke the rule "where a party to a contract forbids its performance by the other or interferes with its performance by the other to an extent which amounts to a refusal of performance, the other party thus interfered with may recover as if he had performed his contract" (Walker v. Lundstrom, 132 Mo. App. 367; Reynolds v. Clark Co., 162 Mo. 680; State ex rel. v. Butler Co., 164 Mo. 214; Murphy v. Black, 78 Mo. App. 316), and argue that "this cause should be reversed and remanded with directions to enter a judgment for the appellant because the respondent admits he prevented appellant from rendering the services contracted for."

The issue of whether or not plaintiff "was prevented from rendering medical services necessary to effect such cure by the refusal of the wife of defendant to accept such services" was submitted to the jury and was settled by the verdict in favor of defendant. We do not share the view of plaintiff that defendant admitted a breach of the contract. On the contrary defendant's evidence is substantial that a cure was guaranteed by plaintiff that the treatment was promised to show early results and that it was not abandoned until long after the time had expired for the fulfillment of these promises and its failure had been fairly and conclusively demonstrated.

With the case in such posture the invocation of the rule under consideration necessarily and erroneously is based on the hypothesis of plaintiff's evidence relating to the terms of the contract and to the performance thereof and ignores as valueless the contradictory evidence which we find is substantial and of sufficient evidentiary force to raise the issues of fact the court submitted to the jury.

Next it is argued by plaintiff that Mrs. Andalaft was not a competent witness and the court erred in permitting her to testify as a witness for defendant. The objection of plaintiff was overruled on the ground that the witness "although the wife of defendant, was the agent of the defendant in receiving the treatments, and for that reason, she is competent to testify as to the treatments."

This view of her relation to the transaction is combated by plaintiff who argues that "she was merely the subject upon which the treatments were used and could no more be considered her husband's agent than a piece of wood or stone upon which some artisan was employed to work. For a married woman to be the agent of her husband within the meaning of this statute (Sec. 6359, Rev. Stat. 1909) she must have some duties to perform in his behalf involving the exercise of some

discretion or some authority and not to be a mere tool or subject-matter of a contract.'' [Citing Baird v. Bank, 149 Mo. App. 367; Fishback v. Harrison, 137 Mo. App. 664; Layson v. Cooper, 174 Mo. 211.]

At common law a wife was not a competent witness in an action to which her husband was a party. The statutory exception on which the present ruling was founded removes the ban of incompetency in instances where the transaction in controversy ''was had and conducted by such married woman as the agent of her husband.'' Plaintiff's definition of what will constitute such agency is not inaccurate and finds support in the cited cases. Thus in Fishback v. Harrison, supra, the wife had no part in the transaction except that of signing her husband's name to a note at his request and in his presence. We held that the agent described in the statutory exception must be authorized to do more than to perform some mere ministerial act, that she must be the person who conducts the transaction in some essential part and that since the wife in that case had nothing to do with the transaction and was nothing more than the pen used in signing her husband's name, she was not a competent witness under the statute.

Other exceptions to the common law rule than those enumerated in the statute have been recognized by the courts of this State. We discussed them in the case of Pettis County v. DeBold, 136 Mo. App. 265, and we refer to the opinion and authorities reviewed therein as presenting the view that the trend of judicial interpretation of the common law rule and its statutory exceptions is in the direction of relaxing the rigidity of the rule through the medium of a liberal and sensible construction and application of its exceptions.

Services rendered by a physician for a wife under employment by the husband are necessaries the husband is under a legal duty to provide and it has been

held, we think properly, that the testimony of the wife is admissible in an action brought against the husband for such necessaries. [Morgenroth v. Spencer, 102 N. W. (Wis.) 1086.] And where, as in the instant case, the husband employs a physician to furnish such necessaries and the contract necessarily imposes reciprocal duties on both parties, we think the wife must be regarded as the agent of the husband in the performance of the duties he has agreed she shall perform. She is more than the mere subject of the contract—she is a necessary agency her husband must employ to perform his part of the contract, and he is bound to rely largely upon the exercise by her of proper judgment and discretion, as well as fidelity in taking the treatment. The contract required her to make frequent visits to the physician and intelligently and faithfully to follow his instructions relating to taking and applying medicines and ointments and following the regime he prescribed. She was the agent of defendant to perform an essential part of the contract and, as such, conducted the transaction within the statutory meaning of that term. The transaction consisted not alone of the contract but also of its subsequent performance by the parties. The objection was properly overruled.

The point that the court in modifying one of plaintiff's instructions erroneously failed to instruct as to the amount of plaintiff's recoverable demand is without merit in view of the finding of the jury that plaintiff failed to perform the contract and, therefore, is not entitled to recover in any amount.

The case was fairly tried. Affirmed.

All concur.

# COURTS OF APPEALS