THE SENACA COMPANY, Appellant, v. SAM ELLI-
SON, Respondent.

Springfield Court of Appeals, January 18, 1919.

1. **WITNESSES: Husband and Wife: Agency.** In an action against
a husband for price of goods, where husband testified that he
called his wife, who helped him run the store, and talked to her
concerning the order given plaintiff, and that they concluded to
cancel the order, and that she wrote, on the back of the copy
left to him, a cancellation of the order, and he then handed it to
a mail carrier, the wife was not an agent in the sense that would
permit the admission of her evidence to prove the cancellation, un-
der Revised Statutes 1909, section 6359.
2. **POST OFFICE: "Mailed."** A letter cancelling an order for goods
was properly "mailed," where it was addressed, stamped, and
handed to a rural mail carrier.

Appeal from Wright Circuit Court.—*Hon.. C.. H.
Skinker*, Judge.

REVERSED AND REMANDED.

*J. S. Clarke* for appellant.

*A. C. Kice* for respondent.

FARRINGTON, J.—This case is here on a second
appeal. On a second trial, a judgment went for the
defendant in the trial court, and the plaintiff complains
of errors hereinafter noted.

A complete statement of the transaction concern-
ing this litigation will be found in the opinion rendered
by this court in the case of Senaca Co v. Ellison,
184 S. W. 1177.

On the second trial of the cause, which is now
before us, the defendant testified that he called his
wife, who helped him run the store, and talked to her
concerning this order just after the traveling salesman

for the plaintiff had left with the signed order for the goods, and that they concluded that they wanted to cancel the order. He testified that his wife wrote on the back of the copy left with him a cancellation of the order, and then testified that he handed it to the mail-carrier who came along collecting the mail. In addition to this, over the objection of plaintiff, he introduced his wife as a witness and proved by her that she wrote the cancellation on the back of the order, after talking it over with her husband, and corroborated his statement concerning the writing to the plaintiff of the cancellation. The plaintiff objected to her testimony on the ground that she was not a competent witness, and we find that the point is well taken. The wife, in writing this order at the instance of her husband, was not such an agent as can testify concerning a 'transaction as is provided for in section 6359, Revised Statutes 1909. This question has been definitely decided a number of times in this State, and we will pass the point by citing the authorities sustaining our ruling that her testimony was incompetent. [See First National Bank v. Wright, 104 Mo. App. 242, 78 S. W. 686; Fishback v. Harrison, 137 Mo. App. 664, 119 S. W. 465; Baird v. Bank, 149 Mo. App. 367, 129 S. W. 981; Gardner v. Railroad, 124 Mo. App. 461, 101 S. W. 484; Flannery v. Railroad, 44 Mo. App. 396; White v. Chaney, 20 Mo. App. 389; McGuire v. DeFrese, 77 Mo. App. 683; Conn. Fire Ins. Co. v. Railroad, 171 Mo. App. 78, 153 S. W. 544; Lyle v. Andaloft, 178 Mo. App. l. c. 175, 176, 165 S. W. 1146.]

The wife in this case acted under the authority and dictation of the husband, and was an agent to the same extent that the paper, ink, envelope and pen were his agencies in communicating his cancellation to the plaintiff; but she was not an agent in the sense that she had attended to the business for her principal with a third party. It is the latter character of agency that permits one spouse to testify for another, as contemplated by the section of the Statute above

referred to. The admission of her testimony is reversible error.

Some point is made by the appellant on a correction made by the court to instructions as to mailing this cancellation. The proof of the defendant shows 'that he handed this letter to the mail-carrier, duly stamped and properly addressed; this was a mailing within the meaning of the law. A letter is properly mailed when it is addressed, stamped and deposited in a proper place for the receipt of the mail. [Ward v. Transfer Co., 119 Mo. App. 1. c. 88, 95 S. W. 964.] It is held in the case of Pier v. Heinrichshoffen, 67 Mo. 163, that the word "mailed," as applied to a letter, implies that the letter was properly prepared for transmission, and was put in the custody of the officer charged with the duty of forwarding the mail. A rural route mail-carrier is certainly such an officer, and proof that it was handed to him is proof of mailing it.

The plaintiff in this case bases its cause of action on the order and failure to receive a cancellation prior to filling the order and shipping the goods. It become a question of fact whether the plaintiff received the cancellation prior to filling the order and shipping the goods. There is sufficient testimony in the record made out by plaintiff to carry this question to the jury.

On account of the admission of incompetent testimony, the judgment will be reversed and the cause remanded. *Sturgis, P. J.,* and *Bradley, J.,* concur.